UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CHARLES JUNIOR BARBER,

     Plaintiff,

v.                           Case No. 3:18cv1504-MCR-CJK

DENIS A. VILCHEZ,

     Defendant.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court on plaintiff's civil rights complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 2). The motion to proceed *in forma pauperis* will be granted. This case, however, should be dismissed as time-barred and malicious.

## BACKGROUND

Plaintiff is a civilly committed detainee at the Florida Civil Commitment Center in Arcadia, Florida.\* The complaint names Denis Vilchez, a doctor

---

\* As a civil detainee, the full-payment provision of the Prison Litigation Reform Act, 28 U.S.C. § 1915(b)(1), does not apply to plaintiff. *See Troville v. Venz*, 303 F.3d 1256, 1259-60 (11th Cir. 2002). Nevertheless, because plaintiff is proceeding *in forma pauperis*, his complaint may be dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(b). *See id.* at 1260.

previously employed by the Florida Department of Corrections, as the sole defendant. The complaint sets forth the factual allegations that follow.

Plaintiff says that in February 2014, he came into contact with "some type of mold" in the modality drug treatment trailer at Walton Correctional Institution. On February 19, plaintiff discovered a bacterial infection on his finger and signed up for sick call. On February 21, Dr. Vilchez told plaintiff he had a bacterial infection and provided ibuprofen. Dr. Vilchez released plaintiff back to the dorm without providing any treatment to stop the infection. The infection spread rapidly and caused a variety of symptoms, including pain, bleeding, swelling, headaches, vomiting, night fevers, night sweats, and lack of sleep. On February 22, Nurse Carter gave plaintiff "two antibiotic shots and a tetanus shot and she soaked Plaintiff's finger in antibiotic solution in her attempt to save Plaintiff's life[.]" Plaintiff says Dr. Vilchez's failure to provide immediate treatment caused permanent scars on his finger and impaired vision.

Based on the foregoing, plaintiff alleges Dr. Vilchez violated the Eighth Amendment. As relief, plaintiff seeks $320,000 in damages.

## DISCUSSION

Plaintiff's claim against Dr. Vilchez is time-barred. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." *Wellons v. Comm'r, Ga.*

*Dep't of Corr.*, 754 F.3d 1260, 1263 (11th Cir. 2014) (*citing Crowe v. Donald*, 528 F.3d 1290, 1292 (11th Cir. 2008)).  The Eleventh Circuit has "held that the four-year statute of limitations under Fla. Stat. § 95.11(3) applies to § 1983 claims arising in Florida."  *Ellison v. Lester*, 275 F. App'x 900, 901-902 (11th Cir. 2008) (*citing Chappell v. Rich*, 340 F.3d 1279, 1283 (11th Cir. 2003)).

"[T]he accrual date of a §1983 claim, from which the statute of limitations begins to run, is determined by federal law."  *Tillman v. Orange Cty., Fla.*, 519 F. App'x 632, 635 (11th Cir. 2013) (*citing Wallace v. Kato*, 549 U.S. 384, 388 (2007)). "The statute of limitations on a section 1983 claim begins to run when 'the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights.'"  *Van Poyck v. McCollum*, 646 F.3d 865, 867 (11th Cir. 2011) (*citing McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008)).  Thus, an action under section 1983 does not accrue until: (1) "plaintiff knows or has reason to know that he has been injured"; and (2) "plaintiff is aware or should have been aware who has inflicted the injury."  *Mullinax v. McElhenney*, 817 F.2d 711, 716 (11th Cir. 1987) (citations omitted).

Here, plaintiff avers Dr. Vilchez diagnosed a bacterial infection on February 21, 2014, and gave plaintiff ibuprofen, but provided no treatment to combat the infection.  As a result, the infection spread rapidly and caused a variety of symptoms. Grievances attached to the complaint demonstrate plaintiff knew of the injury caused

by Dr. Vilchez's allegedly unconstitutional conduct by at least March 6, 2014. (Doc. 1, p. 18); *see Allen v. Dekalb Cty. Jail's Med. Providers/Private Contractors*, 632 F. App'x 593, 594 (11th Cir. 2016) (holding plaintiff "did not need to be aware of the extent of his injury for the statute of limitations to begin running"). Because plaintiff initiated this action on June 28, 2018, the claim raised in the complaint is barred by the 4-year statute of limitations.

In addition, plaintiff failed to provide truthful responses to questions on the civil rights complaint form. The following question appears on page two of the form: "Have you initiated other lawsuits in federal court dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof?" (Doc. 1, p. 2). Where there are parenthetical areas to mark either a "Yes" or "No" answer to this question, plaintiff marked "No." (*Id.*). The complaint form also asks, "Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted?" (*Id.*). In response to this question, plaintiff wrote "none." (*Id.*). At the end of the complaint, plaintiff signed his name after the following statement: "I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT." (*Id.*, p. 7). Thus, plaintiff has in effect stated that at the time he filed this action, he had not filed any

cases in federal court dealing with the same issues raised in this action, and he had not had any cases dismissed in federal court for failure to state a claim.

As a matter of course, the court attempts to make an independent investigation into whether or not litigants truthfully complete the complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the claims raised in those cases and their disposition, can be considerable.

The court may take judicial notice that at the time plaintiff filed his complaint in this case, he had previously filed another complaint concerning the medical care Dr. Vilchez provided for the bacterial infection in February 2014. *See Barber v. Vilchez*, N.D. Fla. Case No. 3:16cv64-LC-CJK. That case was dismissed for failure to effect timely service of process. Plaintiff also filed a case in the Middle District of Florida that was dismissed for failure to state a claim. *See Barber v. Carrol*, M.D. Fla. Case No. 2:17cv174-SPC-MRM.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed

before it.  Here, plaintiff falsely responded to questions on the complaint form, as detailed above.  If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  The court should not allow plaintiff's false responses to go unpunished. An appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case.  *See Bratton v. Secretary*, No. 2:10cv517-FtM-29DNF, 2012 WL 2913171 (M.D. Fla. July 16, 2012) (dismissing case without prejudice where prisoner failed to disclose one prior federal case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)); *Johnson v. Crawson*, 5:08cv300-RS-EMT, 2010 WL 1380247 (N.D. Fla. Mar. 3, 2010) (dismissing case without prejudice where prisoner failed to disclose one prior federal case).

Accordingly, it is ORDERED:

1.       Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

1.       That this case be DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915(e)(2)(B)(ii).

2.       That the clerk be directed to close the file.

At Pensacola, Florida, this 9th day of July, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**



NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.